Reese, J.
délive red the opinion of the court.
We have looked into this record with entire willingness to maintain, if we could, the decree of the chancellor; for if the expectations of the complainants to enjoy ultimately the property in dispute shall depend, not upon the will of their father, but upon the dying intestate of the defendant, Without alienation, their expectations however, from the ties of nature reasonable, may perhaps be disappointed. But in point of law, one thing is undeniable, namely, that in Virginia, a parol gift of a slave, accompanied and followed by a permanent and continuing possession, is good, and vests the title in the donee. See 6 Randolph’s Rep. 135. And whether we look into all the proof which the chancellor felt himself at liberty to do or not, one thing, as a matter of fact, is satisfactorily established, namely, that the father of the complainants and defendant gave to the defendant the negro girl Hannah, the mother of all the rest, in the year 1804, in full of all her future claims upon his estate. She was so i'eceiv-ed by her; possession was then delivered to her, and has continued with her ever since. This, by the law of Virginia, made the negro hers. There is no pretence that she gave back and delivered possession of the negro to her father. Of *74 course, in 1806, when the will bears date, or at the time of his death, some years after, the testator had no interest in or disposing power and control over the negro in question. He devises in the will nothing but the negro to the defendant for life, with remainder to her children. So no question of election arose, and the executor of the will proves, both in the case in Virginia and in this State, affirmatively that the defendant claimed or received no distribution under the will. If we could look into the affidavits made by the complainants in the case in Virginia in maintenance of their own claims, which we are satisfied we cannot, still, the most they would establish would be that the parol gift of 1804 was to the defendant for life, with remainder to the complainants. And then by the law both of Virginia and Tennessee the limitation in remainder in the case of a parol gift of a slave must be held to be valid, and the absolute title would vest in the donee for life, to whom possession was delivered.
So we are of opinion that the decree must be reversed and the bill be dismissed, but without costs.